# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| OSCAR BECK, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No.: 08-0137 (RMU) |
| | ) |
| UNITED STATES MARINE CORP., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S MOTION TO DISMISS

Defendant, the United States Marine Corps ("USMC"), through its undersigned attorneys, hereby respectfully moves, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's claims on the bases that: (1) the Court lacks subject matter jurisdiction because Plaintiff's claims are untimely; and (2) Plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983. In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities in Support. A proposed Order granting Defendant the relief requested is also attached.

Because this is a dispositive motion, Defendant has not sought Plaintiff's consent before filing. *See* LCvR 7(m).

Respectfully submitted,

  /s/  

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/  

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_/s/_____

JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| OSCAR BECK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 08-0137 (RMU) |
| | ) | |
| UNITED STATES MARINE CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### Preliminary Statement

Plaintiff's action was transferred to this Court from the United States District Court for the Eastern District of Michigan, Southern Division. That Court interpreted Plaintiff's complaint to be brought pursuant to 42 U.S.C. § 1983. However, the Court's transfer order also indicates that Plaintiff is seeking an order compelling Defendant, the United States Marine Corp., to upgrade his "undesirable" discharge to "honorable."

As explained below, all claims against Defendant should be dismissed because: (1) any claims to upgrade Plaintiff's discharge are untimely under 28 U.S.C. § 2401(a); and (2) Plaintiff has failed to state a claim against Defendant for which relief can be granted under 42 U.S.C. § 1983.

## I. FACTUAL BACKGROUND

Plaintiff is a former member of the United States Marine Corps. Defendant's Exhibit ("Def. Exh. A"). He enlisted on March 31, 1975, for four years. *Id*. He served without incident for about half a year, when on October 8, 1975, he was arrested by civil authorities for car theft.

*Id*.  Plaintiff was subsequently convicted on November 25, 1975, and sentenced to six months of probation.  *Id*.  During the months of December 1975 and January 1976, he amassed five non-judicial punishments ("NJP"), for failure to report for duty, disobedience of a lawful order, and being intoxicated in the civilian community.  *Id*.  In addition, Plaintiff twice went on unauthorized absence ("UA"), the Navy and Marine Corps' equivalent of "AWOL," including one time in which he was absent for 110 days from January 21, 1976 through May 10, 1976.  *Id*.

On May 25, 1976, facing a court-martial trial for his 47-day period of UA while he was in the custody of civilian authorities pending trial for car theft, four instances of failure to report for duty, and for his 110-day UA, Plaintiff submitted a request for a discharge under other than honorable conditions for the good of the service.  *Id*.  In a separate statement, Plaintiff stated that he could not adjust to the Marine Corps.  Def. Exh. B.  He also asserted that he would go on UA again if returned to duty and would request a bad conduct discharge if referred for trial.  *Id*.  In his statement, Plaintiff acknowledged that his counsel had advised him of the potential consequences of his "undesirable" discharge.  *Id*.  It is, therefore, clear that Plaintiff agreed to accept an administrative discharge of "undesirable"[1] in exchange for avoiding trial by court-martial.  *Id*.

Based upon Plaintiff's request and statement, the Marine Corps approved Plaintiff's request and spared him the stigma of a court-martial conviction and the potential penalties of punitive discharge and confinement at hard labor.  Def. Exhs. A, B.  Plaintiff was discharged

---

[1] "Undesirable" is the equivalent of the present day discharge of "other than honorable."

2

from the Marine Corps on June 18, 1976.[2]  Def. Exh. A.

   In 1979, Plaintiff had petitioned the Naval Discharge Review Board ("NDRB") to

upgrade his discharge from 'undesirable" to 'honorable."   Def. Exhs. C, D.  However, the

NDRB denied his request.   *Id*.   Subsequently, Plaintiff made another submission to the NDRB

asking for a discharge upgrade, but his petition was denied as being outside the NDRB's

jurisdiction, because the NDRB can only review discharges that are 15 years old or less.  Def.

Exh. E.

   On August 20, 1996, Plaintiff petitioned the Board for Correction for Naval Records

("BCNR") to upgrade his discharge to "honorable."  Def. Exh. F.  The BCNR functions

separately from the NDRB.  Its review is much broader and is not limited to discharges.  *See* 32

C.F.R. §§ 724.601, 723.2.  The BCNR may correct the military record of any person if necessary

to correct an error or to remove an injustice.  *See* 32 C.F.R. § 723.2; *see also* 10 U.S.C.

§ 1552(a)(1) (providing  that corrections of military records shall be made by the Secretary of the

Navy acting through civilian boards).

   In a letter dated February 28, 1997, the BCNR advised Plaintiff that a three-member panel

of the BCNR had considered his application and denied his request.  Def. Exh. A.  Following the

BCNR's denial, Plaintiff continued to request that the BCNR reconsider its decision and upgrade

his discharge.  Def. Exhs. G-M.   In each of these instances, the BCNR advised Plaintiff that its

final agency decision would not be reconsidered.  *Id*.

---

   [2] Considering his over 150 days of unauthorized absences, Plaintiff served in the Marine
Corps for less than a year.

## II.  STANDARDS OF REVIEW

### A.  Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)

A motion under 12(b)(1) "presents a threshold challenge to the court's jurisdiction."

*Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987), *aff'd*, 213 F.3d 735 (D.C. Cir. 2000),

*cert. denied*, 531 U.S. 1153 (2001).  "In reviewing a motion to dismiss for lack of subject-matter

jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's

well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."

*Thompson v. Capitol Police Board*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).

"The court is not required, however, to accept inferences unsupported by the facts alleged or legal

conclusions that are cast as factual allegations."  *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C.

2001) (citations omitted), *affirmed*, 346 F.3d 192 (D.C. Cir. 2003), *cert. denied*, 543 U.S. 809

(2004).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the

burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence."

*Thompson*, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Fed.

R. Civ. P. 12(b)(1) in two ways.  First, the court may determine the motion based solely on the

complaint.  *Herbert v. National Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992).

Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations

of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the

conflicting evidence.  *Id*.

Courts must liberally construe pleadings submitted by a *pro se* party.  *See United States* v.

*Palmer*, 296 F.3d 1135, 1143 (D.C. Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520

4

(1972), for the proposition that the allegations of a *pro se* litigant, "however inartfully pleaded," are subject to "less stringent standards than formal pleadings drafted by lawyers".).  However, a court may not entertain "what[ever] claims a [*pro se* litigant] may or may not want to assert" without an adequate jurisdictional basis.  *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987).

### B. <u>Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)</u>

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1974 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Aktieselskabet v. Fame Jeans, Inc.*,--F.3d--, 2008 WL 1932768 (D.C. Cir. Apr. 29, 2008); *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly*).  Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support a plaintiff's claims for relief.

The Court must construe the factual allegations in the complaint in light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint.  *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint.  *Kowal*, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." *Id*.

## III.  ARGUMENT

### A.  Plaintiff's Claims Are Barred
### by a Six-year Statute of Limitations

It is well-settled that federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution and statute."  *id*.  A plaintiff bears the burden of establishing the federal jurisdiction upon which his suit relies.  *id.*  When a plaintiff sues the federal government, jurisdiction is also dependant upon a waiver of sovereign immunity.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("[a]bsent a waiver, sovereign immunity shields the Federal government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (the United States' consent to be sued is a prerequisite for jurisdiction).

Judicial review of the actions of an agency, such as the U.S. Department of the Navy, is provided for in the Administrative Procedures Act ("APA"), 5 U.S.C. § 701-706.  Pursuant to 28 U.S.C. § 2401(a), civil actions "commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  *See Spannaus v. United States Dep't of Justice*, 824 F.2d 52, 56 (D.C. Cir. 1987) ("[a] cause of action against an administrative agency 'first accrues,' within the meaning of § 2401(a), as soon as [but not before] the person challenging the agency action can institute and maintain a suit in court".).

In analyzing when an action accrues, there is a distinction between the two kinds of claims that can be brought by a service member challenging his discharge.  A claim seeking review of the underlying discharge is distinct from a claim seeking review of an adverse decision by a Corrections Board--"the focus of the former is on the action of discharge officials whereas

the focus of the latter is on the action of the [Corrections] Board." *Rempfer v. U.S. Department of Air Force Board for Correction of Military Records*, 538 F.Supp.2d 200, 206 (D.D.C. 2008) (quoting *Blassingame v. Secretary of the Navy*, 811 F.2d 65, 72 (2d Cir. 1987) *rev'd on other grounds after remand* 866 F.2d 556 (1989). For claims challenging the discharge itself, the "§ 2401(a) limitation period begins to run when a service member's discharge is final." *Kendall v. Army Bd. For Correction of Military Records*, 996 F.2d 362, 366 (D.C. Cir. 1993) (citing *Walters v. Secretary of Defense*, 725 F.2d 107, 114 (D.C. Cir. 1983)). In other words, a review by the BCNR does not delay the accrual of a cause of action arising directly from an allegedly illegal discharge. *Walters v. Secretary of Defense*, 725 F.2d at 114. When a plaintiff is challenging an adverse decision by the Board, that claim "accrues at the time of the final agency decision, or the exhaustion of all administrative remedies, rather than at the time when the underlying discharge or alleged coerced resignation occurred." *Lebrun v. England*, 212 F.Supp.2d 5, 11 (D.D.C. 2002) (citing *Blassingame v. Secretary of Navy*, 811 F.2d at 71; *Dougherty v. United States Navy Bd. For Corr. of Naval Records*, 784 F.2d 499, 501-02(3d Cir. 1986); *Geyen v. Marsh*, 775 F.2d 1303, 1306 (5th Cir. 1985); *Smith v. Marsh*, 787 F.2d 510, 512 (10th Cir. 1986)).

In this case, Plaintiff's discharge from the Marine Corps occurred on June 18, 1976. *See* Def. Exh. A. Yet, Plaintiff did not file this action until September 28, 2007, more than thirty-one (31) years after his discharge. *See* Docket No. 1. Moreover, on May 28, 1997, the BNRC denied Plaintiff's petition to upgrade his discharge to honorable. *See* Def. Exh. A. This was the U.S. Department of the Navy's final agency decision issued more than ten (10) years before the filing of this action. *Id.* Thus, regardless of whether Plaintiff's claims are interpreted as challenging

7

his allegedly coerced resignation or the BCNR's denial of Plaintiff's petition to upgrade his discharge, Plaintiff's claims arose more than six years before the filing of this action and are, therefore, untimely. Accordingly, Plaintiff's claims should be dismissed.

### B. Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted Under 42 U.S.C. § 1983

To the extent that Plaintiff is alleging claims under 42 U.S.C. § 1983, these claims also fail. The Marine Corps is not a "person" under 42 U.S.C. § 1983, and this statute is inapplicable to a federal agency acting under federal law.

Title 42, United States Code, Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

"To state a valid claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (internal citations omitted). The traditional definition of acting under color of state law requires that a defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the alleged wrongdoer is clothed with the authority of state law.' *Williams v. United States*, 396 F.3d 412, 414 (D.C. Cir. 2005) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Defendant is a federal agency, acting under color of federal law, and is not subject to suit under 42 U.S.C. § 1983. *District of Columbia v. Carter,* 409 U.S. 418 (1983); *Resident Council*

*of Allen Parkway Village v. United States Dep't of Hous. and Urban Dev.*, 980 F.2d 1043 (5th

Cir. 1993). As recognized in *Mitchum v. Foster*, 407 U.S. 225, 242 (1972) (quoting *Ex Parte*

*Virginia*, 100 U.S. 339 (1880)), '[t]he very purpose of § 1983 was to interpose the federal courts

between the States and the people, as guardians of the people's federal rights-to protect the

people from unconstitutional action under color of state law, 'whether that action be executive,

legislative, or judicial.' " Thus, to the extent that Plaintiff's claims against Defendant are

brought pursuant to 42 U.S.C. § 1983, these claims should be dismissed.[3]

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

---

[3] Any claims under 42 U.S.C. § 1983 would also be barred by a three-year statute of limitations. *Nattah v. Bush*, 541 F.Supp.2d 223 (D.D.C. 2008).

9

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, that copies of the foregoing Motion to Dismiss and proposed

Order were mailed, postage prepaid, on this 8th day of August, 2008, to Plaintiff *pro se* at the

following address:

Oscar Beck, Jr.
# 155893
Florence Crane Correctional Facility
38 Fourth Street
Coldwater, MI 49036

_____/s/_____
Judith A. Kidwell
Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **OSCAR BECK, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 08-0137 (RMU)** |
| | ) | |
| **UNITED STATES MARINE CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

UPON CONSIDERATION OF Defendant's Motion to Dismiss, any Opposition thereto,

and the entire record herein, it is this _____ day of _____, 2008,

**ORDERED** that Defendant's motion is **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiff's complaint is dismissed.


_____
UNITED STATES DISTRICT JUDGE


Copies to:

Defendant's Counsel by ECF

Oscar Beck, Jr.
# 155893
Florence Crane Correctional Facility
38 Fourth Street
Coldwater, MI 49036

EXHIBIT A



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON, D.C. 20370-5100

ELP
Docket No: 6713-96
28 February 1997

MR OSCAR BECK  JR
8388 AMERICAN
DETROIT  MI  48204

Dear Mr. Beck:

This is in reference to your application for correction of your
naval record pursuant to the provisions of title 10 of the United
States Code section 1552.

A three-member panel of the Board for Correction of Naval
Records, sitting in executive session, considered your
application on 20 February 1997. Your allegations of error and
injustice were reviewed in accordance with administrative
regulations and procedures applicable to the proceedings of this
Board. Documentary material considered by the Board consisted of
your application, together with all material submitted in support
thereof, your naval record and applicable statutes, regulations
and policies.

After careful and conscientious consideration of the entire
record, the Board found that the evidence submitted was
insufficient to establish the existence of probable material
error or injustice.

The Board found that you enlisted in the Marine Corps on 31 March
1975 for four years at age 18. The record reflects that you
served without incident until 8 October 1975 when you were
arrested by civil authorities for automobile theft. You were
convicted of this offense on 25 November 1975 and sentenced to
six months of probation. During the months of December 1975 and
January 1976, you received five nonjudicial punishments (NJP) for
four instances of failure to go to your appointed place of duty,
disobedience of a lawful order, and being intoxicated in the
civilian community.

In January 1976, you began two periods of unauthorized absence
(UA). One from 15-16 January and the second from 21 January to
10 May 1976. On 25 May 1976, you submitted a request for a
discharge under other than honorable conditions for the good of
the service to escape trial by court-martial for the 47 day
period of UA while you were in the hands of civil authorities
pending trial for automobile theft, four instances of failure to
go to your appointed placed of duty, and for the 110 day period
of UA ending on 10 May 1976. In a separate statement, you stated

312

that could not adjust to the Marine Corps, that you would only go UA again if returned to duty, and would request a bad conduct discharge if you were referred to trial. Thereafter, the discharge authority approved the request and as a result of this action you were spared the stigma of a court-martial conviction, and the potential penalties of a punitive discharge and confinement at hard labor. You were discharged under other than honorable conditions on 18 June 1976.

In its review of your application, the Board carefully weighed all potentially mitigating factors such as your youth and immaturity, limited education, low test scores, and the fact that it has been more than 20 years since your were discharged. The Board concluded that these factors were insufficient to warrant recharacterization of your discharge given your record of five NJPs and the fact that you accepted discharge rather than face trial by court-martial for two periods of UA of more than five months. The Board further concluded that you received the benefit of your bargain with the Marine Corps and should not now, 20 years later be able to change it. The Board thus concluded that you were guilty of too much UA to warrant recharacterization of your discharge to honorable or under honorable conditions. Accordingly, your application has been denied. The names and votes of the members of the panel will be furnished upon request.

It is regretted that the circumstances of your case are such that favorable action cannot be taken. You are entitled to have the Board reconsider its decision upon submission of new and material evidence or other matter not previously considered by the Board. In this regard, it is important to keep in mind that a presumption of regularity attaches to all official records. Consequently, when applying for a correction of an official naval record, the burden is on the applicant to demonstrate the existence of probable material error or injustice.

Sincerely,


W. DEAN PFEIFFER
Executive Director



2

313

EXHIBIT B

Oscar Beck Jr. (PFC) causal/Jr, H&S, Bm
▇▇▇▇▇. 0311.

I am charged with two offenses of
Art 86 - unauthorized Absence totaling
ten months.

I have been awaiting trial in the brig
Since may 14, 1976.

I received two office hours at 9I, I got
a fine $100 apiece. No time or nothing.

I don't want to stay in the marine
corp, And I will request a bad discharge
(BCD) if I go to trial.

I do not want to ~~go back to~~ the duty because
all I am going to do is go home again. And
I can't Adjust to the marine corps life
And If they do send me back I am
going, UA again & again.

I Oscar Beck Jr. stat that I am Requesting
An undesirable discharge to avoid
trial by Court-martial, Cause I don't
want to go back to duty.

Because my faimly needed me there
at home, and Right now there ENCLOSURE (4)

356

help win my brother and Sister, I'll got to kid's, one stay's with my mother and the youger one stay's with my future wife Just As Sun As I get out of your marine corp, And she is not working, that why I fill I should be at home with my faimly

Yes I WAS working, doing good to, I was working in A packing warehouse $4.50 HR, I will still have that job when get back, I got A little car to, that how I WAS taking care of my faimly or supporting them.

I am going to get married And go back to work and continue supporting my faimly, And finsih school to, I am not going to work At the packaging warehouse I am working with my uncle on Consrurtion, He the forman there.

my Counsel Lieutenut (Charles E Brown) Has explained article 31 to me, I understand and make this statment my self on my free will and my Counsel Advised me that I will lost most goverment binefits when I recive the discharge And that undersirable will make is difficult for me to get a job And I understand and still request undecirable dischärge

MAY 19 1976    Carson Beck Jr.

EXHIBIT C

DEPARTMENT OF THE NAVY
NAVAL DISCHARGE REVIEW BOARD

REVIEW OF DISCHARGE
NAVSO 1900/5C (REV. 12-78)
Supersedes All Prev Editions
PART 1

<u>DECISIONAL DOCUMENT</u>

<u>MD-79-00980/790108</u>
DOCKET NR/DATE DOCKETED

<u>RLM:sag:ecp</u>
BRIEFER

<u>#0832F</u>

| REVIEW OF DISCHARGE OF *(Name, Rate/Rank, SSN, Comp)* | CITY/STATE |
|---|---|
| BECK, Oscar Jr., Ex-PFC, 367 64 4282, USMC | Muskegon, MI |
| TYPE AND REASON/BASIS FOR DISCHARGE | DATE OF ISSUE |
| UOTHC/GOS (To Escape Trial by Court-Martial) | 18 Jun 76 |
| DISCHARGE REGULATION | PLACE OF REVIEW |
| MCSM Para 6021 | Arlington, Va. |

PRESENT:

APPLICANT: ☐ YES ☒ NO     REPRESENTATIVE ( NC ): ☐ YES ☒ NO

| PROCEEDINGS RECORDED: ☐ YES ☒ NO | DATE OF REVIEW |
|---|---|
| | 13 July 1979 |

APPLICANT'S CONTENTIONS/ISSUES

None.

INDEX:

A71.00/A92.29/A92.23/A92.27

00126

DEPARTMENT OF THE NAVY
NAVAL DISCHARGE REVIEW BOARD

REVIEW OF DISCHARGE
NAVSO 1900/5C (REV. 12-78)
Supersedes All Prev Editions
PART 2

MD-79-00980

DOCKET NR

REVIEW OF DISCHARGE OF *(Name, Rate/Rank, SSN, Comp)*

BECK, Oscar Jr., Ex-PFC,                    c

SUMMARY OF EVIDENCE

SUMMARY OF SERVICE:

| DATE OF THIS ENL | ENLISTED FOR | AGE AT THIS ENLISTMENT | CREDITABLE SERVICE THIS ENLISTMENT *(Year, month, day)* | | | |
|---|---|---|---|---|---|---|
| 31Mar75 | 04 | 18 | 00 08 04 (TL: 184 das) | | | |
| GRADES HELD THIS ENLISTMENT. | | | MOS *(USMC)* | YRS CIV EDUC | GCT | AFQT |
| PVT, PFC | | | 0311 | 11 | 085 | 057 |
| MIL BEH/CON | PROF PERF/PRO | OTA *(USN)* | PRIOR SERV – ACTIVE *(Year, month, day)* | | INACTIVE | |
| 2.1(4) | 3.0(3) | N/A | None | | 00 00 17* | |
| MILITARY DECORATIONS | | | UNIT/CAMPAIGN/SERVICE AWARDS | | | |
| None | | | None | | | |

*USMCR(J) – HON (COG).

| 31Mar75 | Jd | MCRD SDCA |
| 08Jul75 | Jd | MCB CamPen |

08Oct75   SR      To UA apprehended by civil auth for grand theft auto.

25Nov75   SR      From UA (47 das) IHCA (no disposition).

25Nov75   CC      Grand Theft Auto.
          SENT    6 mos probation.

09Dec75   NJP     Viol Art 86:  FAPD; Art 91:  DOLO.
          AWD     FOP $100/mo x (1) mo.

11Dec75   NJP     Viol Art 86:  FAPD.
          AWD     FOP $100/mo x (1) mo.

19Dec75   NJP     Viol Art 86:  FAPD.
          AWD     FOP $150/mo x (1) mo.

00127

DEPARTMENT OF THE NAVY
NAVAL DISCHARGE REVIEW BOARD

REVIEW OF DISCHARGE
NAVSO 1900/5C (REV. 12-78)
Supersedes All Prev Editions
CONTINUATION SHEET

MD-79-00980

DOCKET NR

REVIEW OF DISCHARGE OF *(Name, Rate/Rank, SSN, Comp)*

BECK, Oscar Jr., Ex-PFC, _____ 3MC

| | | |
|---|---|---|
| 31Dec75 | NJP<br>AWD | Viol Art 86: FAPD.<br>FOP $100/mo x (2) mo. |
| 07Jun76 | NJP<br>AWD | Viol Art 134: Intoxicated in civilian community.<br>15 das CC and 14 das rest. |
| 16Jan76 | SR | UA: 15-16Jan76 (2 days, S). No disposition. |
| 10May76 | SR | UA: 21Jan-10May76 (110 days, A). No disposition. |
| 25May76 | APPL | Acknowledges rights and req dis UCOTH/GOS to avoid CM based on commission of UA 110 das (A). Received counsel from a qualified legal counsel. |
| 03Jun76 | SJA | Sufficient in law and fact. |
| 03Jun76 | CG | Approved request and directs Dis UCOTH/GOS. Authority: MCSM 6021. |
| 18Jun76 | APPL | Discharged UCOTH/GOS (avoid trial). Auth: MARCORSEPMAN Para 6021. |
| MEDREC: | | Nothing pertinent to discharge. |

SUMMARY OF APPLICANT'S STATEMENT: "I feel my discharge should be change because of the nature of the discharge and I think I was given the discharge under the wrong conditions. At the time I received it I wasn't unaware of the conditions I was coming under by taking it and when I first signed up to become a Marine I ask my recruiter if I would be able to continue my trade (dis. Machine) and he said yes and I joined under that impression and I was in there for a good while. I feel that my life would be a lot better if I was to get my discharge upgraded, because now I can't get know Job with (gov.) or (state) and I would like to finish school like I thought I was when I was in the Marine Corp. (As you can see by my record I was a good Marine while I was in there)" (sic).

---

SUMMARY OF DOCUMENTARY EVIDENCE: Statement of Applicant (DD-293), SRB, HR.

# DEPARTMENT OF THE NAVY
## NAVAL DISCHARGE REVIEW BOARD

REVIEW OF DISCHARGE
NAVSO 1900/5C (REV. 12-78)
Supersedes All Prev Editions
PART 3

MD-79-00980

DOCKET NR

REVIEW OF DISCHARGE OF *(Name, Rate/Rank, SSN, Comp)*

BECK, Oscar Jr., Ex-PFC,                    USMC

### FINDINGS/CONCLUSIONS/REASONS UPON CONTENTIONS/ISSUES

CHECK ONE:

/ X /  All contentions/issues raised by the applicant have been
       addressed.

/___/  Any contentions/issues raised by the applicant which were not
       addressed, were not required to be addressed because a finding of
       valid on any or all of them would not grant the applicant any
       greater relief.  However, any issues not addressed are either
       listed in Part 1 or attached to this document.

DEPARTMENT OF THE NAVY
NAVAL DISCHARGE REVIEW BOARD

REVIEW OF DISCHARGE
NAVSO 1900/5C (REV. 12-78)
Supersedes All Prev Editions

MD-79-00980

DOCKET NR

REVIEW OF DISCHARGE OF *(Name, Rate/Rank, SSN, Comp)*

BECK, Oscar Jr., Ex-PFC,                    USMC

FINDINGS/CONCLUSIONS/REASONS UPON WHICH DECISION IS BASED

## FINDINGS

I.   **Summary of Service:**  That the Summary of Service is factual and accurate.

II.  **Current Discharge:**  That the applicant was discharged on 18 June 1976 with a UCOTH/GOS (Avoid CM) under discharge regulation: Marine Corps Separation and Retirement Manual, paragraph 6021.

III. **Applicant's Request:**  That, in his application dated 2 January 1979, the applicant requested that his discharge be reviewed and changed to Honorable.

IV.  **Conclusions on Contentions/Issues:**  The applicant advanced no issues and the Board in it's review discerned no impropriety or inequity in the discharge.

## CONCLUSION

The applicant's discharge should not be changed.

00130

EXHIBIT D



**DEPARTMENT OF THE NAVY**
NAVAL DISCHARGE REVIEW BOARD
SUITE 905
801 NORTH RANDOLPH STREET
ARLINGTON, VIRGINIA 22203

IN REPLY REFER TO

NCPB:NDRB:501:

Docket No. _____ 111

MD-79-00980

**AUG 01 1979**



Dear

Mr. Beck:

Review of your discharge has been completed pursuant to the regulations governing the Naval Discharge Review Board. Careful consideration was given to the relevant issues raised, any evidence presented on your behalf and that contained in all available official records. The Board decision is that your discharge is proper as issued and that no change thereto is warranted. Enclosure (1), which reflects the final decision of the Board, is a copy of your Record of Review of Discharge (NAVSO 1900/5C) together with appropriate attachments.

Two other courses of action are available to you. The Secretary of Labor is authorized to award Exemplary Rehabilitation Certificates to former members of the Armed Forces who were discharged under conditions other than honorable, or who received a General discharge. Enclosure (2) to this letter provides additional information regarding these certificates. Enclosure (3) is an application form DD 149 which may be used to apply to the Board for Correction of Naval Records for further review of your discharge.

Sincerely,

J. G. SHAW
Captain, USN
Executive Secretary

Encl:  (1) Copy of NAVSO 1900/5C
       (2) Exemplary Rehabilitation Certificate information
       (3) DD Form 149

DEPARTMENT OF THE NAVY
NAVAL DISCHARGE REVIEW BOARD

REVIEW OF DISCHARGE
NAVSO 1900/5C (REV. 12-78)
Supersedes All Prev Editions
PART I

<u>DECISIONAL DOCUMENT</u>

<u>MD-79-00980/790108</u>
DOCKET NR/DATE DOCKETED

<u>RLM:sag:ecp</u>
BRIEFER

#0832F

| REVIEW OF DISCHARGE OF *(Name, Rate/Rank, SSN, Comp)* | CITY/STATE |
|---|---|
| BECK, Oscar Jr., Ex-PFC, ▮▮▮▮, USMC | Muskegon, MI |

| TYPE AND REASON/BASIS FOR DISCHARGE | DATE OF ISSUE |
|---|---|
| UOTHC/GOS (To Escape Trial by Court-Martial) | 18Jun76 |

| DISCHARGE REGULATION | PLACE OF REVIEW |
|---|---|
| MCSM Para 6021 | Arlington, Va. |

PRESENT:

APPLICANT:  ☐ YES  ☒ NO     REPRESENTATIVE ( NC ):  ☐ YES  ☒ NO

| PROCEEDINGS RECORDED:  ☐ YES  ☒ NO | DATE OF REVIEW<br>13 July 1979 |
|---|---|

APPLICANT'S CONTENTIONS/ISSUES

None.

INDEX:

A71.00/A92.29/A92.23/A92.27

315

DEPARTMENT OF THE NAVY
NAVAL DISCHARGE REVIEW BOARD

REVIEW OF DISCHARGE
NAVSO 1900/5C (REV. 12-78)
Supersedes All Prev Editions
PART 2

MD-79-00980

DOCKET NR

REVIEW OF DISCHARGE OF *(Name, Rate/Rank, SSN, Comp)*

BECK, Oscar Jr., Ex-PFC, ███████████, USMC

SUMMARY OF EVIDENCE

SUMMARY OF SERVICE:

| DATE OF THIS ENL | ENLISTED FOR | AGE AT THIS ENLISTMENT | CREDITABLE SERVICE THIS ENLISTMENT *(Year, month, day)* | | | |
|---|---|---|---|---|---|---|
| 31Mar75 | 04 | 18 | 00 08 04 (TL: 184 das) | | | |
| GRADES HELD THIS ENLISTMENT- | | | MOS *(USMC)* | YRS CIV EDUC | GCT | AFQT |
| PVT, PFC | | | 0311 | 11 | 085 | 057 |
| MIL BEH/CON | PROF PERF/PRO | OTA *(USN)* | PRIOR SERV - ACTIVE *(Year, month, day)* | | INACTIVE | |
| 2.1(4) | 3.0(3) | N/A | None | | 00 00 17* | |
| MILITARY DECORATIONS | | | UNIT/CAMPAIGN/SERVICE AWARDS | | | |
| None | | | None | | | |

*USMCR(J) - HON (COG).

| 31Mar75 | Jd | MCRD SDCA |
|---|---|---|
| 08Jul75 | Jd | MCB CamPen |
| 08Oct75 | SR | To UA apprehended by civil auth for grand theft auto. |
| 25Nov75 | SR | From UA (47 das) IHCA (no disposition). |
| 25Nov75 | CC SENT | Grand Theft Auto. 6 mos probation. |
| 09Dec75 | NJP AWD | Viol Art 86: FAPD; Art 91: DOLO. FOP $100/mo x (1) mo. |
| 11Dec75 | NJP AWD | Viol Art 86: FAPD. FOP $100/mo x (1) mo. |
| 19Dec75 | NJP AWD | Viol Art 86: FAPD. FOP $150/mo x (1) mo. |

DEPARTMENT OF THE NAVY
NAVAL DISCHARGE REVIEW BOARD

REVIEW OF DISCHARGE
NAVSO 1900/5C (REV. 12-78)
Supersedes All Prev Editions
CONTINUATION SHEET

MD-79-00980

DOCKET NR

REVIEW OF DISCHARGE OF (Name, Rate/Rank, SSN, Comp)

BECK, Oscar Jr., Ex-PFC, ███████, USMC

| | | |
|---|---|---|
| 31Dec75 | NJP | Viol Art 86: FAPD. |
| | AWD | FOP $100/mo x (2) mo. |
| 07Jun76 | NJP | Viol Art 134: Intoxicated in civilian community. |
| | AWD | 15 das CC and 14 das rest. |
| 16Jan76 | SR | UA: 15-16Jan76 (2 days, S). No disposition. |
| 10May76 | SR | UA: 21Jan-10May76 (110 days, A). No disposition. |
| 25May76 | APPL | Acknowledges rights and req dis UCOTH/GOS to avoid CM based on commission of UA 110 das (A). Received counsel from a qualified legal counsel. |
| 03Jun76 | SJA | Sufficient in law and fact. |
| 03Jun76 | CG | ~~Approved request and directs Dis UCOTH/GOS.~~ Authority: MCSM 6021. |
| 18Jun76 | APPL | Discharged UCOTH/GOS (avoid trial). Auth: MARCORSEPMAN Para 6021. |

MEDREC:              Nothing pertinent to discharge.

SUMMARY OF APPLICANT'S STATEMENT: "I feel my discharge should be change because of the nature of the discharge and I think I was given the discharge under the wrong conditions. At the time I received it I wasn't unaware of the conditions I was coming under by taking it and when I first signed up to become a Marine I ask my recruiter if I would be able to continue my trade (dis. Machine) and he said yes and I joined under that impression and I was in there for a good while. I feel that my life would be a lot better if I was to get my discharge upgraded, because now I can't get know Job with (gov.) or (state) and I would like to finish school like I thought I was when I was in the Marine Corp. (As you can see by my record I was a good Marine while I was in there)" (sic).

--------------------------------------------------------------------

SUMMARY OF DOCUMENTARY EVIDENCE: Statement of Applicant (DD-293), SRB, HR.

DEPARTMENT OF THE NAVY
NAVAL DISCHARGE REVIEW BOARD

REVIEW OF DISCHARGE
NAVSO 1900/5C (REV. 12-78)
Supersedes All Prev Editions
PART 3

MD-79-00980

DOCKET NR

REVIEW OF DISCHARGE OF *(Name, Rate/Rank, SSN, Comp)*

BECK, Oscar Jr., Ex-PFC, ███ ██████, USMC

FINDINGS/CONCLUSIONS/REASONS UPON CONTENTIONS/ISSUES

CHECK ONE:

/ X / All contentions/issues raised by the applicant have been
addressed.

/    / Any contentions/issues raised by the applicant which were not
addressed, were not required to be addressed because a finding of
valid on any or all of them would not grant the applicant any
greater relief. However, any issues not addressed are either
listed in Part 1 or attached to this document.

318

DEPARTMENT OF THE NAVY
NAVAL DISCHARGE REVIEW BOARD

REVIEW OF DISCHARGE
NAVSO 1900/5C (REV. 12-78)
Supersedes All Prev Editions

MD-79-00980

DOCKET NR

REVIEW OF DISCHARGE OF *(Name, Rate/Rank, SSN, Comp)*

BECK, Oscar Jr., Ex-PFC, ▮▮▮ USMC

FINDINGS/CONCLUSIONS/REASONS UPON WHICH DECISION IS BASED

## FINDINGS

I.    **Summary of Service:** That the Summary of Service is factual and accurate.

II.    **Current Discharge:** That the applicant was discharged on 18 June 1976 with a UOCTH/GOS (Avoid CM) under discharge regulation: Marine Corps Separation and Retirement Manual, paragraph 6021.

III.    **Applicant's Request:** That, in his application dated 2 January 1979, the applicant requested that his discharge be reviewed and changed to Honorable.

IV.    **Conclusions on Contentions/Issues:** The applicant advanced no issues and the Board in it's review discerned no impropriety or inequity in the discharge.

## CONCLUSION

The applicant's discharge should not be changed.

DEPARTMENT OF THE NAVY
NAVAL DISCHARGE REVIEW BOARD

REVIEW OF DISCHARGE
NAVSO 1900/5C (REV. 12-78)
Supersedes All Prev Editions
PART 4

MD-79-00980

DOCKET NR

REVIEW OF DISCHARGE OF *(Name, Rate/Rank, SSN, Comp)*

BECK, Oscar Jr., Ex-PFC, ▮▮ ▮▮ ▮▮▮▮ USMC

FINDINGS/CONCLUSIONS/REASONS UPON WHICH DECISION IS BASED

## REASONS

(A) **REASON/BASIS:** The basis for the discharge should not be changed because the applicant requested discharge for the Good of the Service to avoid trial by court-martial for violation of Art 86, unauthorized absence for 110 days (apprehended), an offense punishable by a punitive type discharge. Paragraph 6021 MCSM applies.

(B) **TYPE:** The type of discharge should not be changed because a record of five NJP's, one civil conviction for grand theft auto, 184 days lost time and an overall average conduct marking of 2.1 is properly characterized as under other than honorable conditions.

### DECISION/RECOMMENDATION

| NO CHANGE: *The applicant's discharge should remain:* | CHANGE: *The applicant's discharge should be changed to:* |
|---|---|
| UOTHC/GOS (Avoid CM) MCSM 6021 | |

### BOARD MEMBERS

PRESIDING OFFICER
*Donald H. Hildebrand*
DONALD H. HILDEBRAND, COL, USMC (A)

MEMBER
DANIEL T. BENN, COL, USMC (A)

MEMBER
GERALD R. MEAD, CDR, USN (A)

MEMBER
HARRY R. WEBER, MAJ, USMC (A)

MEMBER & RECORDER
*James R. Sweeney*
JAMES R. SWEENEY, LTCOL, USMC (A)
PRESIDENT, NDRB

VOTES: (A) Agree; (D) Dissent
UNANIMOUS DECISIONS: *Signed by Presiding Officer and Recorder*
NON-UNANIMOUS DECISIONS: *Signed by Presiding Officer and all Members*

320

EXHIBIT E

**DEPARTMENT OF THE NAVY**
SECRETARY OF THE NAVY COUNCIL OF REVIEW BOARDS
720 KENNON STREET SE STE 309
WASHINGTON NAVY YARD DC  20374-5023

IN REPLY REFER TO

1900
CORB:0051B/JXM
February 23, 2007

MR OSCAR BECK JR #155893 C-12
FLORENCE CRANE CORRECTIONAL FACILITY
38 FOURTH STREET
COLDWATER MI 49036

Dear Mr. Beck:

   This is in response to your recent correspondence submitted to the Naval Discharge Review Board.

   Regulations establishing the scope and jurisdiction of the Board do not permit review of the following:

_XX_ Discharge issued over 15 years ago

____ Discharge awarded as the result of a General Court-Martial

_____ Reason for discharge involving change from or to a physical or medical disability

   Your correspondence is being returned with any materials submitted to the Naval Discharge Review Board.  Your only recourse is to petition the Board for Correction of Naval Records. Enclosed you will find an application (DD Form 149) for petitioning that Board.  Please note the proper mailing address on the reverse side of the form.

T. D. SIDBURY
Executive Secretary

Enclosure: 1. DD Form 149, Application for Correction of Military
             Records under the Provisions of Title 10, U. S. Code
             Section 1552

00055

EXHIBIT F

**35**

## APPLICATION FOR CORRECTION OF MILITARY RECORD
### UNDER THE PROVISIONS OF TITLE 10, U.S. CODE, SECTION 1552
*(Please read instructions on reverse side BEFORE completing application.)*   RAD

| | Form Approved |
|---|---|
| | OMB No. 0704-0003 |
| | Expires Mar 31, 1996 |

Public reporting burden for this collection of information is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Defense, Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0003), Washington, DC 20503.
**PLEASE DO NOT RETURN YOUR COMPLETED FORM TO EITHER OF THESE ADDRESSES. RETURN COMPLETED FORM TO THE APPROPRIATE ADDRESS ON THE BACK OF THIS PAGE.**

### PRIVACY

| | |
|---|---|
| **AUTHORITY:** | Title 10 US Code 1552, EO 9397. |
| **PRINCIPAL PURPOSE:** | To initiate an application for correction of military record. T relief through correction of a military record. |
| **ROUTINE USE(S):** | None. |
| **DISCLOSURE:** | Voluntary; however, failure to provide identifying informa assure proper identification of the individual and appropria |

Beck, Oscar   Jr.

*06713-96*

...ination of

...s strictly to

### 1. APPLICANT DATA

**a. BRANCH OF SERVICE (X one)**

| (1) ARMY | (2) NAVY | (3) AIR FORCE | (X) MARINE CORPS | (5) COAST GUARD |
|---|---|---|---|---|

| b. NAME (Last, First, Middle Initial) (Please print) *Beck Oscar Jr* | c. PRESENT PAY GRADE *PFC* | d. SERVICE NUMBER | e. SSN |
|---|---|---|---|

| 2. TYPE OF DISCHARGE (If by court-martial, state type of court.) *Other than Honorble* | 3. PRESENT STATUS, IF ANY, WITH RESPECT TO THE ARMED SERVICES (Active duty, Retired, Reserve, etc.) *out* | 4. DATE OF DISCHARGE OR RELEASE FROM ACTIVE DUTY *6/18/76* |
|---|---|---|

| 5. ORGANIZATION AT TIME OF ALLEGED ERROR IN RECORD *US MARINE CORD* | 6. I DESIRE TO APPEAR BEFORE THE BOARD IN WASHINGTON, D.C. (No expense to the Government) (X one)   ☐ a. YES   ☒ b. NO |
|---|---|

### 7. COUNSEL (If any)

| a. NAME (Last, First, Middle Initial) *Beck Oscar Sr* | b. ADDRESS (Street, Apartment Number, City, State and ZIP Code) |
|---|---|

**8. I REQUEST THE FOLLOWING CORRECTION OF ERROR OR INJUSTICE:** *Discharge Up Grade*

**9. I BELIEVE THE RECORD TO BE IN ERROR OR UNJUST IN THE FOLLOWING PARTICULARS:**

Dept. of Transportation
Office of General Counsel
Board for Correction of
Military Records
Received:   AUG 20 1996

**10. IN SUPPORT OF THIS APPLICATION I SUBMIT AS EVIDENCE THE FOLLOWING; (If Veterans Administration records are pertinent to your case, give Regional Office location and Claim Number.)**

*Being In the E...   Need All Record by   Marine Corps*

### 11. ALLEGED ERROR OR INJUSTICE

| a. DATE OF DISCOVERY | b. IF MORE THAN THREE YEARS SINCE THE ALLEGED ERROR OR INJUSTICE WAS DISCOVERED, STATE WHY THE BOARD SHOULD FIND IT IN THE INTEREST OF JUSTICE TO CONSIDER THIS APPLICATION. |
|---|---|

**12. APPLICANT MUST SIGN IN ITEM 16. IF THE RECORD IN QUESTION IS THAT OF A DECEASED OR INCOMPETENT PERSON, LEGAL PROOF OF DEATH OR INCOMPETENCY MUST ACCOMPANY APPLICATION. IF APPLICATION IS SIGNED BY OTHER THAN APPLICANT, INDICATE RELATIONSHIP OR STATUS BY MARKING APPROPRIATE BOX.**

| a. SPOUSE | b. WIDOW | c. WIDOWER | d. NEXT OF KIN | e. LEGAL REP | f. OTHER (Specify) |
|---|---|---|---|---|---|

**13. I MAKE THE FOREGOING STATEMENTS, AS PART OF MY CLAIM, WITH FULL KNOWLEDGE OF THE PENALTIES INVOLVED FOR WILLFULLY MAKING A FALSE STATEMENT OR CLAIM.** (U.S. Code, Title 18, Sec. 287, 1001, provides a penalty of not more than $10,000 fine or not more than 5 years imprisonment or both.)

| 14. COMPLETE CURRENT ADDRESS, INCLUDING ZIP CODE (Applicant should forward notification of all changes | DOCUMENT NUMBER (Do not write in this space.) |
|---|---|

| 15. DATE SIGNED | 16. SIGNATURE (Applicant must sign here.) *Oscar Beck Jr* |
|---|---|

**DD Form 149, AUG 93**          *Previous editions are obsolete*          00133

EXHIBIT G

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON, D.C. 20370-5100

ELP
Docket No. 6713-96
20 May 1998

MR OSCAR BECK JR
8388 AMERICAN
DETROIT MI 48204

Dear Mr. Beck:

This is in response to your application of 15 April 1998
requesting a personal appearance hearing and reconsideration of
your request for upgrade of your discharge that was denied on
20 February 1997.

You are advised that personal appearance hearings are not
ordinarily granted by the Board. Hearings are convened when the
Board believes it cannot resolve an issue without the applicant's
presence, or that the applicant's appearance would serve an
important and useful purpose.

The regulation governing the operation of the Board states that
it may deny an application without a formal hearing if
insufficient evidence has been presented to indicate the
existence of probable material error or injustice. Favorable
action on any request for reconsideration must necessarily be
based upon submission of new and material evidence that might
reasonably offer a basis for reversal of the original decision of
the Board. Since you have submitted no new or material evidence,
there is no basis for reopening your case, and the decision of
the Board is final.

I regret that my response cannot be more favorable.

Sincerely,

W. DEAN PFEIFFER
Executive Director

Copy to:
The American Legion

00115

EXHIBIT H



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON, D.C. 20370-5100

WDP:elp:wma
Docket No.6713-96
September 30, 1998

OSCAR BECK JR
8388 AMERICAN
DETROIT MI  48204

Dear Mr. Beck:

This is in reference to your application, DD Form 149, dated
September 2, 1998.  You previously petitioned the Board and
were advised in our letter of February 28, 1997 that your
application had been disapproved.

Your current application has been carefully examined.
Although, at least some of the material you have submitted is
new, it is not material.  In other words, even if this
material was presented to the Board, the decision would
inevitably be the same.  Accordingly, reconsideration is not
appropriate at this time.

It is regretted that the facts and circumstances of your case
are such that a more favorable reply cannot be made.

                    Sincerely,

                    W. DEAN PFEIFFER
                    Executive Director

Copy to:
American Legion

00108

# EXHIBIT I



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

WDP:elp:wma
Docket No.6713-96
July 18, 2001

OSCAR BECK JR
8388 AMERICAN
DETRIT MI  48204

Dear Mr. Beck:

This is in reference to your application, DD Form 149, dated April 20, 2001.  You previously petitioned the Board and were advised in our letter of February 28, 1997, that your application had been disapproved.

Your current application has been carefully examined. Although, at least some of the material you have submitted is new, it is not material.  In other words, even if this material was presented to the Board, the decision would inevitably be the same.  Accordingly, reconsideration is not appropriate at this time.

It is regretted that the facts and circumstances of your case are such that a more favorable reply cannot be made.

Sincerely,

W. DEAN PFEIFFER
Executive Director

00104

EXHIBIT J

**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

WDP:smw:wma
Docket No.6713-96
November 15, 2006

MR OSCAR BECK JR 155893 C12
CRANE CORRECTIONAL FACILITY
38 FOURTH STREET
COLD WATER MI  49036

Dear Mr. Beck:

This is in reference to your application, DD Form 149, dated
September 29, 2006. You have previously petitioned the
Board and were advised in our letter of February 28, 1997,
that your request has been disapproved.

Your current application has been carefully examined.
Although, at least some of the evidence you have submitted
is new, it is not material. In other words, even if this
information was presented to the Board, the decision would
inevitably be the same. Accordingly, reconsideration is not
appropriate at this time.

It is regretted that the facts and circumstances of your
case are such that a more favorable reply cannot be made.

Sincerely,

W. DEAN PFEIFFER
Executive Director

00057

.

# EXHIBIT K



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

WDP:smw:wma
Docket No.6713-96
April 6, 2007

MR OSCAR BECK JR 155893 C-12
FLORENCE CRANE CORRECTIONAL FACILITY
38 FOURTH STREET
COLD WATER MI 49036

Dear Mr. Beck:

This is in reference to your application, DD Form 149, dated March 2007. You previously petitioned the Board and were advised in our letter of February 28, 1997, that your application had been disapproved.

Your current application has been carefully examined. Although, at least some of the evidence you have submitted is new, it is not material. In other words, even if this information was presented to the Board, the decision would inevitably be the same. Accordingly, reconsideration is not appropriate at this time.

It is regretted that the facts and circumstances of your case are such that a more favorable reply cannot be made.

Sincerely,

W. DEAN PFEIFFER
Executive Director

00041

EXHIBIT L



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

WDP:smw:wma
Docket No.6713-96
September 12, 2007

MR OSCAR BECK JR #155893 E-88
FLORENCE CRANE FACILITY
38 FUNERAL STREET
COLD WATER MI  49036

Dear Mr. Beck:

This is in reference to your application, DD Form 149, dated
August 22, 2007.  You previously petitioned the Board and
were advised in our letter of February 28, 1997, that your
application had been disapproved.

Your current application has been carefully examined.
Although, at least some of the evidence you have submitted
is new, it is not material.  In other words, even if this
information was presented to the Board, the decision would
inevitably be the same.  Accordingly, reconsideration is not
appropriate at this time.

It is regretted that the facts and circumstances of your
case are such that a more favorable reply cannot be made.

Sincerely,

W. DEAN PFEIFFER
Executive Director

# EXHIBIT M

**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

WDP:bjg:wma
Docket No.6713-96
June 25, 2008

MR OSCAR BECK JR 155893 E88

Dear Mr. Beck:

This is in reference to your letter received by this Board on October 16, 2007, requesting reconsideration of your case. You previously petitioned the Board and were advised in our letter of February 28, 1997, that your request had been denied.

Your letter has been carefully examined. Although at least some of the evidence you have submitted is new, it is not material. In other words, even if this information was presented to the Board, the decision would inevitably be the same. Accordingly, reconsideration is not appropriate at this time.

It is regretted that the facts and circumstances of your case are such that a more favorable reply cannot be made.

Sincerely,

W. DEAN PFEIFFER
Executive Director

0001